```
                              United States Bankruptcy Court
                                    District of Oregon
In re:                                                              Case No. 15-35133-rld
Elbert G Garboden                                                   Chapter 7
Sherry L Garboden
        Debtors                       CERTIFICATE OF NOTICE
District/off: 0979-3          User: Admin.              Page 1 of 1          Date Rcvd: Feb 17, 2016
                              Form ID: RNH              Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 19, 2016.
db/jdb     +Elbert G Garboden,    Sherry L Garboden,    12054 Chapin Court,   Oregon City, OR 97045-3989
cr         +Wells Fargo Bank N.A. dba Wells Fargo Dealer Servi,    P.O. Box 3569,
             Rancho Cucamonga, CA 91729-3569

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 19, 2016                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 17, 2016 at the address(es) listed below:
NONE.                                                                                           TOTAL: 0

RNH (11/10/15) bls          UNITED STATES BANKRUPTCY COURT      U.S. BANKRUPTCY COURT
                                 District of Oregon                     DISTRICT OF OREGON
                                                                                          F I L E D

In re                                               )
**Elbert G Garboden,** xxx–xx–8798       ) Case No. **15–35133–rld7**        February 17, 2016
**Sherry L Garboden,** xxx–xx–0127        )                                             Clerk, U.S. Bankruptcy Court
Debtor(s)                               ) **NOTICE OF REAFFIRMATION**
                                              ) **HEARING**                                  BY **bls** DEPUTY

**NOTICE IS GIVEN THAT A REAFFIRMATION HEARING WILL BE HELD:**

**DATE:** 3/9/16                        **TIME:** 09:00 AM

**LOCATION:** US Bankruptcy Court, Courtroom #4, 1001 SW 5th Ave, 7th Floor, Portland, OR 97204

to consider and act upon the following:

Reaffirmation Agreement Between Debtor and Wells Fargo Dealer Services. Filed By Creditor Wells Fargo Dealer Services. (Nidome, Gabriela)

At the Reaffirmation Hearing, the court will decide whether to approve agreement(s) filed concerning the debtor's reaffirmation of a debt, redemption of property, or settlement of a nondischargeability claim. The judge may review any documents that are filed prior to this hearing. Be aware that the judge will not approve any agreements for a debtor who does not appear by the time of this hearing.

Questions??  Call  503–326–1500                                                      Clerk, U.S. Bankruptcy Court

**NOTICE TO DEBTORS REGARDING REAFFIRMATION AGREEMENTS**

There is a helpful video explaining reaffirmation agreements on the Court's website at www.orb.uscourts.gov. On the home page under Information for Debtors, click on Reaffirmation Hearing Video.

A Reaffirmation Agreement is an agreement to pay a debt despite the fact that you can discharge that debt. After your case is concluded, any reaffirmed debts are not discharged, and the creditor can deal with you as if you had never filed for bankruptcy. If for any reason you do not make the required payments on a reaffirmed debt, the creditor can sue you and garnish your wages. Moreover, if the debt is a "secured debt" (most common example is a car loan), not only will the creditor have the right to repossess the property, but if the property does not sell for enough to pay the reaffirmed debt in full, you may be personally liable for the remaining balance.

You do not have to reaffirm any debt. Reaffirmation agreements are strictly voluntary, and are not required under the Bankruptcy Code or other law.

To reaffirm a debt, you must enter into a Reaffirmation Agreement, which must be filed with the Court. The agreement must be filed within 60 days after the first date set for the meeting of creditors.

In some circumstances, the Court must hold a hearing to consider whether to approve the Agreement. At the hearing, the judge must find that the Agreement will not impose an undue hardship on you or your dependents, and also that it is in your best interests. In making that decision, the judge will review the type of debt, whether or not you can afford to make payments under the agreement, and the reason you are seeking to keep any property securing the debt. It is usually not in your best interests to reaffirm an unsecured debt (one not secured by property).

**Page 1 of 2**                     **IMPORTANT: Read both sides of this document!**

You have other options in addition to reaffirming the entire debt. First, you may voluntarily repay a debt despite the fact that you have discharged that debt. Second, on secured debt, you may be able to "redeem" the property by paying the creditor the fair market value of the property and discharging any remaining balance. Third, you may be able to negotiate to reduce the amount of the debt and/or interest rate on the reaffirmed debt. Finally, if there is a large difference between the value of the property and the amount owing on it, and the creditor will not agree to reduce the balance of the debt, it may be in your best interests to surrender that property to the creditor. For example, if you owe $10,000 on a car loan, but the car is worth only $4,000, you may be better off surrendering the car.

If you sign a Reaffirmation Agreement, you can cancel the Agreement at any time before discharge, or within 60 days after the Agreement is filed with the Court, whichever is later. For the cancellation to be effective, you must give written notice to the creditor that you are canceling the Agreement, and should file a copy of the notice with the Court. If you do cancel the Agreement, you may be required to surrender any property securing the debt.

Clerk, U.S. Bankruptcy Court

**Page 2 of 2**  **IMPORTANT: Read both sides of this document!**