```
                              United States Bankruptcy Court
                                     District of Oregon
```

In re:                                                              Case No. 15-35133-rld
Elbert G Garboden                                                   Chapter 7
Sherry L Garboden
         Debtors
                                **CERTIFICATE OF NOTICE**

District/off: 0979-3         User: Admin.              Page 1 of 1             Date Rcvd: Mar 09, 2016
                             Form ID: pdf018           Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 11, 2016.
db/jdb       +Elbert G Garboden,    Sherry L Garboden,   16102 NE San Rafael,    Portland, OR 97230-5254
cr           +Wells Fargo Bank N.A. dba Wells Fargo Dealer Servi,    P.O. Box 3569,
               Rancho Cucamonga, CA 91729-3569

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 11, 2016                              Signature:  /s/Joseph Speetjens

---

                            **CM/ECF NOTICE OF ELECTRONIC FILING**

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 9, 2016 at the address(es) listed below:
NONE.                                                                                            TOTAL: 0

ROR (6/10/13) bls

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re  )
**Elbert G Garboden**  ) Case No. **15-35133-rld7**
**Sherry L Garboden**  )
Debtor(s)  ) RECORD AND ORDER
)  RE: REAFFIRMATION
)  AGREEMENT(S)
)
)
)
)

A hearing was held in this case on 3/9/16 regarding the reaffirmation agreement specified below. The (✓) debtor(s) or only the ( ) husband ( ) wife, and/or ( ) debtor(s)' attorney, _____, and ( ) creditor(s)' attorney, _____, appeared. The court gave the debtor(s) the information required by 11 USC §524(c) and (d) and found:

The Reaffirmation Agreement with **Wells Fargo Dealer Services** is:

1. (✓) **Approved.** The Court hereby finding the agreement was made prior to discharge, did not impose an undue hardship on the debtor(s) OR a dependent of the debtor(s), and was in the debtor(s)' best interest.

2. ( ) **Approved** with the following amendments that supersede the Agreement's original terms:
   Amount Reaffirmed: $_____; APR:_____%; Monthly Payment:$_____;
   Other terms:_____.
   ( ) Parties consent
   ( ) Approval subject to objection filed within 21 days of the hearing date.
   ( ) Approval conditioned on filing the written document within 21 days of the hearing date.

3. ( ) **Based on a consumer debt secured by real property,** and therefore court approval of such agreement is not required or appropriate.

4. ( ) **Not Approved** for the following reason(s):
   ( ) A presumption of undue hardship exists with respect to the reaffirmation agreement, and debtor(s) has/have not rebutted the presumption to the satisfaction of the court.
   ( ) Required form of reaffirmation agreement not used and/or not completely filled out (e.g., §524(k) disclosures not completed).
   ( ) The value of the collateral is less than amount owed.
   ( ) The reaffirmation agreement was entered into after discharge.
   ( ) The debt is unsecured.
   ( ) Approval would not be in the debtor(s)' best interest considering income, expenses and dependents.
   ( ) Approval would impose an undue hardship on the debtor(s) OR a dependent of the debtor(s).
   ( ) The lien would be voidable pursuant to 11 USC §522(f).
   ( ) Agreement or Cover Sheet was not signed by all required parties.
   ( ) The original obligation was not in default.
   ( ) Debtor(s) did not appear.
   ( ) Debtor(s) withdrew the Agreement.
   ( ) Other: _____

If the Reaffirmation Agreement is not approved, the subject debt may be paid voluntarily and the creditor is permitted to accept voluntary payments. Everything required of the debtor by 11 USC §521(a)(2)(B) has been done; hence, the automatic stay termination provided by 11 USC §362(h)(1) does not apply.

IT IS SO ORDERED

/s/ Trish M Brown

Bankruptcy Judge